NO. CAAP-13-0000096

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

SHERMAN SHIH-LUNG HSIEH, Plaintiff-Appellant,
v.
I-TING SUN aka KATHERINE SUN, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D. NO. 11-1-2036)

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RECONSIDERATION
AND
AMENDING THE OPINION OF THE COURT
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Upon consideration of Plaintiff-Appellant Sherman Shih-Lung Hsieh's November 30, 2015 Motion for Reconsideration (Motion) of this court's November 19, 2015 opinion and the record herein,

IT IS HEREBY ORDERED that the Motion is granted in part and denied in part and the Opinion of the Court entered on November 19, 2015, is amended as follows.

(1) On page 3, footnote 2 is amended to read:

As explained *infra*, Wife appeared in this case to assert her defenses, including lack of subject matter jurisdiction and lack of personal jurisdiction. The family court granted Wife's motion for summary judgment, which asserted lack of subject matter jurisdiction, and thus the question of personal jurisdiction over Wife has not been argued or addressed. In this regard, the family court granted a motion by Husband

authorizing him to personally serve Wife in Taiwan pursuant to HRS § 580-3(b) (2006). An affidavit of service is filed in the record.

We note that Husband also raises the question of *in rem* jurisdiction under Rodrigues v. Rodrigues, 7 Haw. App. 102, 747 P.2d 1281 (1987). However, Rodrigues addresses circumstances where a defendant is served *by publication* and sets out specific standards that must be met to establish *in rem* jurisdiction to divide property and debts in Hawaiʻi. Here, Wife was not served by publication and the requirements set forth in Rodrigues were not addressed below. Indeed, Husband's Complaint requested relief beyond just the division of property and debts in Hawaiʻi, and thus he sought to effect personal service on Wife. Given the record in this case, the question of *in rem* jurisdiction under Rodrigues is not properly before us. Our opinion does not preclude Husband from seeking to establish such jurisdiction on remand.

(2) On page 17, a new footnote is added as follows:

[14] As previously noted, given the record in this case, we do not reach the question of *in rem* jurisdiction under Rodrigues, 7 Haw. App. 102, 747 P.2d 1281.

The Clerk of the Court is directed to take all necessary steps to notify the publishing agencies of this change.

DATED: Honolulu, Hawaiʻi, January 12, 2016.

Chief Judge

Associate Judge

Associate Judge

2